1    **WO**

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                      FOR THE DISTRICT OF ARIZONA

9

10   Roger Frank Ames,                    )    No. CIV 11-163-TUC-GEE
                                          )
          Plaintiff,                      )    **ORDER**
11                                        )
     vs.                                  )
12                                        )
     Michael J. Astrue, Commissioner of  )
13   Social Security,                     )
                                          )
14        Defendant.                      )
                                          )
15   _____)

16

17        The plaintiff filed this action for review of the final decision of the Commissioner for

     Social Security pursuant to 42 U.S.C. § 405(b).
18

19        The Magistrate Judge presides over this case pursuant to 28 U.S.C. § 636(c) having

     received the written consent of both parties. *See* FED.R.CIV.P. 73.
20

21        The final decision of the Commissioner is not "supported by substantial evidence and

22   free from legal error." *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *see Orn v. Astrue*, 495

23   F.3d 625, 630 (9th Cir. 2007).  The ALJ improperly discounted the VA's opinion of disability.

     The case will be remanded for further proceedings.
24

25        PROCEDURAL HISTORY
26
          On June 8, 2007, Ames filed an application for disability insurance benefits.  (Tr. 89-90)
27
     He alleged disability beginning on December 31, 2006 due to panic attacks, post-traumatic
28

stress disorder (PTSD), and peripheral neuropathy.  (Tr. 112)  His claim was denied initially (Tr. 46-48, 52-54) and upon reconsideration.  (Tr. 49-51, 59-60) Ames requested review and appeared with counsel at a hearing before Administrative Law Judge (ALJ) Norman R. Buls on April 21, 2009.  (Tr. 26, 64)  In his decision, dated October 27, 2009, the ALJ found Ames was not disabled.  (Tr. 10-12)

Ames appealed, but the Appeals Council denied review making the decision of the ALJ the final decision of the Commissioner.  (Tr. 1-3); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).  Ames subsequently filed this action appealing the Commissioner's final decision.  (Doc. 1)  He filed his opening brief on January 27, 2012.  (Doc. 25)  The Commissioner filed a responsive brief on February 23, 2012.  (Doc. 26) Ames filed a reply on March 9, 2012.  (Doc. 27)

Claimant's Work History and Medical History

Ames is a Vietnam era veteran, who served in the Marine Corps between December of 1967 and December of 1971.  (Tr. 178, 268) He was in Vietnam for 21 months and earned, among other things, the Combat Action Ribbon indicating he had been exposed to combat stress.  (Tr. 266)

Since his discharge, Ames has worked in a variety settings.  (Tr. 267)  He worked in retail for about eight years until he "burned out." *Id*.  After one false start, he completed a degree in accounting and secured employment at a Big 8 certified public accounting firm. *Id*. After only eight or nine months however, he was fired for "making mistakes." *Id*.  He was employed for one year in a small CPA firm. *Id*. After that, he was unemployed for a significant period of time.  *Id*.  At around this time, Ames received his first treatment for PTSD.  *Id*.

He worked at the post office and as an independent tax accountant.  *Id*.  He secured a real estate license and worked for Burnett Realty until, again, he "burned out." *Id*.  He worked for a trucking firm for a couple years and then started his own trucking business where he worked until 2006.  (Tr. 112, 114, 267)

1    Ames has been hospitalized four times for alcohol dependence. (Tr. 266) He was

2    hospitalized around Christmas of 2005 with a blood alcohol level of 0.56. *Id*. Since that time,

3    he has been mostly sober. *Id*.

4    He stopped working because his depression, anxiety, and the side effects from his

5    medication made driving dangerous. (Tr. 113) Also, his neuropathy caused pain in his feet

6    which forced him to stop often. (Tr. 113) Ames alleged disability beginning on December 31,

7    2006, due to panic attacks, post-traumatic stress disorder (PTSD), and peripheral neuropathy.

8    (Tr. 112)

9    In June of 2006, Ames was examined by Scott R. Sponheim, Ph.D., L.P., for a PTSD

10   evaluation. (Tr. 266-71) Sponheim diagnosed: "Axis I: Posttraumatic stress disorder (309.81);

11   major depressive disorder, recurrent (296.35); alcohol dependence in early full remission

12   (303.90). Axis II: None. Axis III: Deferred. Axis IV: Psychosocial stressors, inconsistent work

13   schedule, recent sobriety. Axis V: Current Global Assessment of Functioning 58. Average

14   Global Assessment of Functioning the past year 58." (Tr. 270)

15   From January 12, 2007 to February 27, 2007, Ames underwent a program of extended

16   residential treatment at the St. Cloud VA Medical Center under the RRTP (Residential

17   Rehabilitation Treatment Program) Combat Track Program. (Tr. 180) The discharge summary

18   praised Ames for doing "exceptionally well in taking responsibility to improve your symptoms

19   during the program." (Tr. 180) Nevertheless, the summary documented: "chronic Post

20   Traumatic Stress Disorder and a co-morbid depressive disorder which significantly impacts your

21   life . . . ." Ames subsequently received treatment from the Minneapolis VA Medical Center

22   through June 22, 2007. (Tr. 179)

23   In its decision, dated June 27, 2007, the VA found Ames' disability due to post-traumatic

24   stress disorder (PTSD) including major depressive disorder should be raised from 70 percent

25   disabling to 100 percent disabling. (Tr. 178) Ames was found 100 percent disabled "because

26   the evidence shows total occupational and social impairment, due to: impairment in thought

27   processes; decreased concentration; anxiety attacks; sleep difficulty; suicidal ideation; reaction

28   and adjustment to medications; intermittent inability to perform activities of daily living to

1   include a work setting due to anxiety; depression and an inability to meet self-expectations;

2   [and] difficulty in establishing and maintaining relationships." (Tr. 181-82)   The VA further

3   found Ames' peripheral neuropathy to be 10 percent disabling. (Tr. 178)

4        In July of 2007, James M. Alsdurf, Ph.D., L.P., reviewed the medical record and

5   completed a Psychiatric Review Technique form. (Tr. 552) He documented (1) Anxiety-

6   Related Disorders (PTSD) and (2) Substance Addiction Disorders. (Tr. 552, 557, 560) He

7   found mild limitation in the area of "Activities of Daily Living." (Tr. 562) He found moderate

8   limitation in "Maintaining Social Functioning" and "Maintaining Concentration, Persistence or

9   Pace." (Tr. 562) He found "one or two" extended episodes of decompensation. (Tr. 562)

10   Alsdurf noted that Ames has classic PTSD symptoms triggered by service in Vietnam. (Tr. 564)

11   He found Ames had years of alcohol abuse and received treatment on several occasions. *Id*.

12   He further noted Ames stopped drinking in 2005 and has received extensive mental health

13   treatment. *Id*. He believes Ames still has moderate functional impairment and works best

14   alone. *Id*.

15        Alsdurf also completed a Mental Residual Functional Capacity Assessment. (Tr. 566)

16   He found moderate limitation in Ames': "ability to maintain attention and concentration for

17   extended periods," "ability to work in coordination with or proximity to others . . .", "ability

18   to complete a normal workday and workweek . . . and to perform at a consistent pace," "ability

19   to interact appropriately with the general public," "ability to accept instructions and respond

20   appropriately to criticism from supervisors," and "ability to respond appropriately to changes

21   in the work setting." (Tr. 566-67)

22        In February of 2008, Mary Lanette Rees, M.D., reviewed the medical record and

23   completed a Physical Residual Functional Capacity Assessment. (Tr. 579-86) She found Ames

24   could lift and/or carry at least 100 pounds occasionally and at least 50 pounds frequently. (Tr.

25   580) He could stand and/or walk for about 6 hours and sit for about 6 hours in an 8-hour work

26   day. (Tr. 580) She found no other limitations. (Tr. 579-86)

27

28

On April 21, 2009, Ames appeared with counsel at a hearing before ALJ Norman R. Buls. (Tr. 13)  At the time of the hearing, Ames was 58 years old. (Tr. 31)  He had a high school diploma and a B.S. degree in accounting. (Tr. 31-32)

Ames testified he was working as a truck driver in 2006, but he left that job due to stress breakdowns. (Tr. 33)  He also experienced anxiety and depression. (Tr. 39)  As a result, he would "stay in [his] apartment for a couple weeks at a time." (Tr. 39)

Ames subsequently entered a seven week V.A. Hospital in-patient program. (Tr. 32) He now takes medication to control his anxiety symptoms, but the medication makes him tired and uncoordinated. (Tr. 44)  He also has neuropathy, which causes his feet to go numb if he sits or stands too long. (Tr. 44)

CLAIM EVALUATION

Social Security Administration (SSA) regulations require that disability claims be evaluated pursuant to a five-step sequential process. 20 C.F.R. § 404.1520; *Baxter v. Sullivan*, 923 F.2d 1391, 1395 (9th Cir. 1991).  The first step requires a determination of whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4).  If so, then the claimant is not disabled, and benefits are denied. *Id.*

If the claimant is not engaged in substantial gainful activity, the ALJ proceeds to step two which requires a determination of whether the claimant has a "medically severe impairment or combination of impairments." 20 C.F.R. § 404.1520(a)(4).  In making a determination at step two, the ALJ uses medical evidence to consider whether the claimant's impairment more than minimally limits or restricts his or her "physical or mental ability to do basic work activities." *Id*.  If the ALJ concludes the impairment is not severe, the claim is denied. *Id.*

Upon a finding of severity, the ALJ proceeds to step three, which requires a determination of whether the impairment meets or equals one of several listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. Pt. 404, Subpt. P, App.1.  If the claimant's impairment meets or equals one of the listed impairments, then the claimant is presumed to be disabled, and

1    no further inquiry is necessary.  *Ramirez v Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).  If the

2    claimant's impairment does not meet or equal a listed impairment, evaluation proceeds to the

3    next step.

4         The fourth step requires the ALJ to consider whether the claimant has sufficient residual

5    functional capacity[1] (RFC) to perform past work.  20 C.F.R. § 404.1520(a)(4).  If yes, then the

6    claim is denied.  *Id*.  If the claimant cannot perform any past work, then the ALJ must move

7    to the fifth step which requires consideration of the claimant's RFC to perform other substantial

8    gainful work in the national economy in view of claimant's age, education, and work

9    experience.  20 C.F.R. § 404.1520(a)(4).

10

11        <u>The ALJ's Findings</u>

12        At step one of the disability analysis, the ALJ found Ames "has not engaged in

13   substantial gainful activity since December 31, 2006, the alleged onset date . . . ."  (Tr. 15)  At

14   step two, he found Ames "has the following severe combination of  impairments: depression,

15   anxiety, substance addiction.  (Tr. 15)  At step three, the ALJ found Ames's impairments met

16   the listings 12.04 (affective disorders) and 12.09 (substance addiction disorders) found in the

17   Listing of Impairments, Appendix 1, Subpart P, of 20 C.F.R., Part 404.  (Tr. 16-17)

18        The ALJ further determined that, without the substance abuse, Ames' remaining

19   impairments would not be severe.  (Tr. 17-18)  He therefore concluded that Ames was not

20   disabled.[2]  (Tr. 21)

21

22        <u>STANDARD OF REVIEW</u>

23

24        [1] Residual functional capacity is defined as that which an individual can still do despite his or

25   her limitations.  20 C.F.R. § 404.1545.

26        [2] The SSA regulations explicitly exclude from the definition of disabled any individual whose

27   alcoholism or drug abuse otherwise would be a "contributing factor material to the Commissioner's
     determination that the individual is disabled."  42 U.S.C. § 423(d)(2)(C).  Simply put, if the individual

28   would not be disabled if he stopped abusing alcohol or drugs, then the individual is not disabled for the
     purposes of SSA.  20 C.F.R. § 404.1535(b).

An individual is entitled to disability benefits if he or she demonstrates, through medically acceptable clinical or laboratory standards, an inability to engage in substantial gainful activity due to a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). "[A] claimant will be found disabled only if the impairment is so severe that, considering age, education, and work experience, that person cannot engage in any other kind of substantial gainful work which exists in the national economy." *Penny v. Sullivan,* 2 F.3d 953, 956 (9th Cir. 1993) (*quoting Marcia v. Sullivan,* 900 F.2d 172, 174 (9th Cir. 1990)).

The findings of the Commissioner are meant to be conclusive. 42 U.S.C. § 405(g). The decision to deny benefits "should be upheld unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is "more than a mere scintilla but less than a preponderance." *Id.*.

"Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn*, 495 F.3d at 630. "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.*

DISCUSSION

Ames argues, among other things, that the ALJ improperly discounted the VA's opinion of disability.

Because of the "marked similarity" between the VA and SSA disability programs, the ALJ should ordinarily give "great weight" to a VA determination of disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). "Both programs serve the same governmental purpose– providing benefits to those unable to work because of a serious disability." *Id.* "Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims." *Id.* "Both are administered by the federal government, and they share a common incentive to weed out meritless claims." *Id.* "Because the VA and SSA criteria for determining

1    disability are not identical, however, the ALJ may give less weight to a VA disability rating if

2    he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*

3         In this case, the ALJ acknowledged that the VA found Ames 100% disabled due to

4    PTSD and "major depressive disorder." (Tr. 20) He correctly cited *McCartey* as the case that

5    governs his analysis. (Tr. 20) Nevertheless, he gave the VA determination of disability "little

6    weight" noting that "the Veteran's Administration did not discount the effects of alcohol use."[3]

7    (Tr. 20)   The ALJ then offered the following explanation: "Because the evidence weighs

8    against a finding of disability under the Social Security laws and regulations, the disability

9    finding from the Veteran's Administration is given little weight." (Tr. 20) Apparently, the ALJ

10   did his own analysis as to whether Ames was disabled (without considering the VA's decision)

11   and then compared his conclusions with those reached by the VA. (Tr. 17-20)  Upon finding

12   that the VA's conclusions differed from his, he decided he was entitled to discount those

13   conclusions because they were inconsistent with his own analysis. The ALJ has it back to front.

14        Instead of analyzing the record without the VA's decision, the ALJ is instructed to

15   perform the disability analysis giving the VA's decision "great weight." *See McCartey*, 298

16   F.3d at 1076. Only if the ALJ first gives "persuasive, specific, valid reasons" may he discount

17   the decision of the VA.  Here, the ALJ gave the VA's decision no weight at all, concluded

18

---

19        [3]   Without more, it is difficult to know what the ALJ meant by this statement. Both the SSA
     and the VA deny benefits to persons who willfully abuse alcohol. Accordingly, the ALJ could not have

20   been saying that the VA's decision should be discounted because the VA disability system treats
     alcoholics in a fundamentally more lenient way. *See Worthington v. Astrue*, 2010 WL 2102462, 11

21   n. 4 (D.Or. 2010) ( "Under the VA disability system, like the Social Security system, a claimant whose
     substance abuse is material to a finding of disability is not entitled to disability benefits."); 38 U.S.C.

22   § 1110.

23        The court also finds it doubtful that the ALJ believed the VA *negligently* failed to address the
     issue of alcohol abuse. *See PCL Const. Services, Inc. v. U.S.*, 47 Fed.Cl. 745, 784 (Fed.Cl. 2000)

24   ("Agency employees are presumed to discharge their official duties properly and fairly, in good faith
     and in accordance with law and applicable regulations."). The VA's decision is detailed and thorough.

25   (Tr. 178-185) The VA medical records upon which the decision was based are voluminous. (Tr. 179)

26        Presumably, ALJ's are required to give "persuasive, *specific*, valid reasons" before discounting
     the decision of the VA to avoid just this sort of second guessing. *See McCartey*, 298 F.3d at 1076.

27

28

1  Ames was not disabled, and then tested his conclusion against the VA's for consistency.  This
2  was error.

3        The ALJ discounted the disability opinion of the VA without providing "persuasive,
4  specific, valid reasons for doing so that are supported by the record."  *McCartey v. Massanari*,
5  298 F.3d 1072, 1076 (9th Cir. 2002); *see, e.g., Kelly v. Astrue*, 2011 WL 1124008, 12 (D.Or.
6  2011)  (applying *McCartey*);  *Davis v. Astrue*, 2009 WL 1227870, 1-2 (D.Or. 2009) (same).
7  Accordingly, the ALJ's decision is not "supported by substantial evidence and free from legal
8  error."  *Fair v. Bowen*, 885 F.2d 597,  601 (9th Cir. 1989); *see Orn v. Astrue*, 495 F.3d 625, 630
9  (9th Cir. 2007).  The case will be remanded for further proceedings.  *See, e.g., Sundseth v.
10  Astrue*, 2010 WL 519730, 5 (W.D.Wash. 2010) ("[T]he failure to comply with *McCartey*
11  requires remand.").  The court does not reach Ames' alternate allegations of error.

12        The Commissioner argues the ALJ's failure to accord the VA's disability determination
13  great weight could be explained by the fact that the VA's determination was made effective as
14  of March 1, 2007, which he asserts is three months *after* Ames' last insured date.  (Tr. 26, p. 19)
15  The ALJ, however, did not make this argument in his decision, so this court may not consider
16  it.  *Connett v. Barnhart*,  340 F.3d 871, 874 (9th Cir. 2003);  *Pinto v. Massanari*, 249 F.3d 840,
17  847-48 (9th Cir. 2001); *see also Wilson v. Commissioner of Social Sec.*, 378 F.3d 541, 546 (6th
18  Cir. 2004).

19        IT IS ORDERED that the final decision of the Commissioner is reversed.   The case is
20  remanded to the Commissioner for further proceedings.  On remand the Commissioner will
21  credit as true the opinion of the VA.  *See Davis v. Astrue*, 2009 WL 1227870, 1-2 (D.Or. 2009)
22  (applying the "crediting as true" rule when the Commissioner failed to properly evaluate the
23  VA's disability rating).

24        The Clerk is directed to prepare a judgment.

25        DATED this 9th day of April, 2012.

26
27  _____
        Glenda E. Edmonds
28       United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28