**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Frank Ames,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of<br>Social Security,<br><br>　　　　Defendant. | No. CIV 11-163-TUC-LAB<br><br>**ORDER** |

Pending before the court is the plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), filed on July 9, 2012.  (Doc. 30)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(b).  In an order issued on April 10, 2012, this court reversed the Commissioner's final decision and remanded the case for further proceedings.  The plaintiff moves for attorney's fees in the amount of $7,991.11 pursuant to the EAJA, 28 U.S.C. § 2412(d).  The defendant filed a response arguing the motion for attorney's fees should be denied because the government's position was substantially justified.

Discussion

Pursuant to the Equal Access to Justice Act (EAJA):

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless* the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust.

*Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (quoting 28 U.S.C. § 2412(d)(1)(A)) (emphasis added); *see also Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The phrase "fees and other expenses" includes reasonable attorney's fees. *Shafer*, 518 F.3d at 1071.

The plaintiff in this case argues that attorney's fees in the amount of $7,991.11 should be awarded. The Commissioner argues the motion should be denied because the government's position was "substantially justified." (Doc. 32)

"'Substantial justification' under the EAJA means that the government's position must have a reasonable basis in law and fact." *Shafer*, 518 F.3d at 1071. "The government's position must be substantially justified at each stage of the proceedings." *Id.*

In this case, the court reversed the decision of the administrative law judge (ALJ) because he rejected the disability determination provided by the Veterans Administration (VA) without providing "persuasive, specific, valid reasons" for doing so. (Doc. 28); s*ee McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) ("[T]he ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.").

The Ninth Circuit considers a procedural error of this type to be a "basic and fundamental" error. *Shafer*, 518 F.3d at 1071-72 (discussing the ALJ's failure to provide "clear and convincing" reasons for discounting a treating physician's opinion). Absent special circumstances, "the defense of basic and fundamental errors . . . is difficult to justify." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). Accordingly, the Commissioner's decision to defend the ALJ's error here was not substantially justified. *See, e.g., Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008); *Norton v. Astrue,* 2011 WL 836831, 1 (D.Ariz. 2011) (The Commissioner's position was not substantially justified where the ALJ improperly disregarded the VA's determination of disability.).

1 The Commissioner notes correctly that the VA treats alcoholism in a slightly different way than does the Social Security Administration. Accordingly, there are legitimate reasons why an ALJ might discount the VA's disability determination.

The Commissioner seems to be arguing that the ALJ *could* have provided "persuasive, specific, valid reasons" for discounting the VA's disability determination. This, however, is not the test. It does not matter what the ALJ could have done. It only matters what the ALJ did and whether he applied the proper procedural analysis. Here, he did not. Accordingly, the Commissioner's decision to defend on appeal the ALJ's procedural error was not substantially justified. *See Shafer*, 518 F.3d at 1071; *Norton,* 2011 WL 836831 at 1.

IT IS ORDERED that the plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), filed on July 9, 2011, is GRANTED. (Doc. 30) The plaintiff is awarded attorney's fees in the amount of $7,991.11.

The plaintiff's counsel moves that EAJA fees be paid directly to her based on Ames's assignment dated December 5, 2011. (Doc. 33-1) This assignment, however, runs afoul of the Assignment of Claims Act, 31 U.S.C. § 3727(b), which forbids the assignment of claims against the U.S. government until after those claims are actually allowed. Accordingly, the court will not order the Commissioner to issue payment directly to Ames's attorney. *See Smith v. Astrue*, 2012 WL 3114595 (N.D.Cal. 2012).

DATED this 13th day of September, 2012.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge